UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SHAWN M.,

                Plaintiff,

v.

COMMISSIONER OF THE SOCIAL
SECURITY ADMINISTRATION,

                Defendant.

**MEMORANDUM & ORDER**
24-CV-00020 (HG)

**HECTOR GONZALEZ**, United States District Judge:

    Plaintiff Shawn M.[1] seeks review of the Commissioner of the Social Security Administration's ("SSA") final decision denying him Social Security disability benefits and supplemental security income. *See* ECF No. 1; ECF No. 5 at 23 (Administrative Record; "AR").[2] The Court assumes the parties' familiarity with the record and writes only as necessary to explain the basis for its decision. In this case, the Court has, as is required, "conduct[ed] a plenary review of the administrative record" in order to determine "whether the ALJ [Administrative Law Judge] applied the correct legal standards and whether the ALJ's determination is supported by substantial evidence." *Rucker v. Kijakazi*, 48 F.4th 86, 90–91 (2d Cir. 2022). In contrast to the "very deferential" standard of review applicable to evidentiary challenges, *see Schillo v. Kijakazi*, 31 F.4th 64, 74 (2d Cir. 2022), "[f]ailure to apply the correct

---

[1] Plaintiff's name has been partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States. The Clerk of Court has modified the docket to reflect Plaintiff's abbreviated name.

[2] Citations to ECF refer to the pages assigned by the Electronic Case Files System. All AR page citations refer to the bold Bates stamp at the bottom right corner of each page in ECF No. 5. Unless otherwise indicated, when quoting cases and the AR, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted.

legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations," *Kohler v. Astrue*, 546 F.3d 260, 265 (2d Cir. 2008). In this case, the Court finds that the ALJ's decision makes it "impossible to determine" whether she properly considered the evidence of Plaintiff's alcohol abuse, and therefore REMANDS this case to the SSA to analyze Plaintiff's claimed disability consistent with this Order. *Webb v. Colvin*, No. 12-cv-753s, 2013 WL 5347563, at *5 (W.D.N.Y. Sept. 23, 2013).

As is well-established, ALJs must employ a "five-step sequential evaluation process" to determine whether a claimant is disabled, proceeding through each step until a determination can be reached. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). At step two of the analysis, the ALJ must determine whether the claimant suffers from "a severe medically determinable physical or mental impairment" or "combination of impairments" that meets the twelve-month durational requirement. 20 C.F.R. § 404.1520(a)(4)(ii) (referencing *id.* § 404.1509); *id.* § 416.920(a)(4)(ii) (referencing *id.* § 416.909). In this case, the ALJ found that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease, asthma, hypertension, history of seizures, an adjustment disorder, a learning disorder, and alcohol abuse. AR at 26. At step three, the ALJ considers whether the claimant's medical impairment or impairments appear on a list maintained by the SSA that identifies and defines impairments that are of sufficient severity as to prevent any gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). As relevant here, the ALJ explained:

- "I considered listing 11.02, and determined that the claimant's seizure impairment does not meet or medically equal that listing as he had only one seizure episode in November 2020 and it was related to ETOH abuse and withdrawal symptoms and noncompliance with his medications . . . ." AR at 26.[3]

---

[3]   "ETOH" refers to "ethanol" and is shorthand for "alcohol." *See Jessica D. v. Kijakazi*, No. 23-cv-605, 2024 WL 2126096, at *3 (D. Conn. Feb. 22, 2024).

2

- With respect to listings 12.04 and 12.05, explaining that "[a]s for adapting or managing oneself, the claimant has experienced a moderate limitation. Although the claimant is able to take care of his activities of daily living, he has a history of substance abuse; he has reported drinking about six beers a day and the record reflects various levels of drinking at separate times." *Id.* at 27–28.

Based on her assessment, the ALJ concluded that Plaintiff was not disabled at step three. *See id.* at 26–29. She continued on through the five-step framework, and her analysis of Plaintiff's residual functional capacity ("RFC") similarly contained various references to Plaintiff's alcohol use. *See, e.g.*, *id.* at 31. Ultimately, the ALJ found Plaintiff not disabled. *See id.* at 34.

Generally, where "there is medical evidence of an applicant's drug or alcohol abuse ['DAA'], the disability inquiry does not end with the five-step analysis," *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 123 (2d Cir. 2012), which is initially performed "without segregating out any effects that might be due to substance use disorders," *Melissa P. v. Comm'r of Soc. Sec.*, No. 23-cv-01314, 2024 WL 4635045, at *2 (W.D.N.Y. Oct. 31, 2024). Accordingly, if an ALJ determines that a claimant is disabled under the five-step analysis, the "critical question" for the ALJ is "whether the SSA would still find the claimant disabled if she stopped using drugs or alcohol." *See Cage*, 692 F.3d at 123 (citing 20 C.F.R. § 416.935(b)(1)); *see also* 20 C.F.R. § 404.1535(b)(1). However, it also follows that, assuming the ALJ was correct in her initial five-step assessment in finding Plaintiff not disabled, she was also correct in not reaching the issue of DAA materiality. *See* Social Security Ruling (SSR) 13-2p, 2013 WL 603764 (Feb. 20, 2013) (if the ALJ answers the question, "Is the claimant disabled considering all impairments, including DAA?" in the negative, instructing her not to determine DAA materiality).

The problem in this case, though, is that the Court cannot determine how exactly the ALJ "considered the DAA as part of her analysis into the severity of Plaintiff's impairments," particularly at step three. *Paulette M. v. Comm'r of Soc. Sec.*, No. 23-cv-04668, 2025 WL 383656, at *9 (E.D.N.Y. Feb. 4, 2025). To be sure, the ALJ appropriately considered Plaintiff's

3

alcohol abuse in making the initial determination of disability. *See id.* But here, "[i]n connection with step three of the sequential evaluation process and in determining [Plaintiff]'s RFC, the ALJ wove in evidence concerning the effects of [Plaintiff]'s alcohol abuse" that makes it "unclear whether or not [Plaintiff]'s alcoholism was the reason for the determination that []he was not disabled." *Piccini v. Comm'r of Soc. Sec.*, No. 13-cv-3461, 2014 WL 4651911, at *15 (S.D.N.Y. Sept. 17, 2014).[4] Thus, "[a]lthough the ALJ's decision is otherwise thorough, this legal error prevents the Court from applying the substantial evidence standard to uphold a finding of no disability." *Id.*[5]

On remand, the ALJ may very well reach the same conclusion about the ultimate finding of disability, but the ALJ must clearly "base this disability determination on substantial evidence of claimant's medical limitations without deductions for the assumed effects of substance use disorders," as her analysis currently suggests. *Id.* In other words, the ALJ should be clear not to discount any of Plaintiff's limitations based on his DAA in making the initial assessment of

---

[4]  Defendant's own briefing appears to make the same error, observing, for example, that "Plaintiff had minimal treatment outside alcohol-related hospitalizations" and that "Plaintiff fails to acknowledge that he was actively abusing alcohol at the time of the evaluation." ECF No. 10 at 28, 30.

[5]  Because this discrete issue may infect the remainder of the ALJ's analysis, the Court need not reach Plaintiff's substantial evidence challenges raised in his motion. *See* ECF No. 7-1. The Court expresses its concern, though, that Plaintiff failed to develop this key argument in a counseled case. Nevertheless, because the ALJ's decision "creates an unacceptable risk that [Plaintiff] [was] deprived of the right to have h[is] disability determination made according to the correct legal principles," *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998), district courts, in cases like this one, routinely remand where the ALJ's decision reveals legal errors not specifically identified by the plaintiff, *see, e.g.*, *Bradley A. v. Comm'r of Soc. Sec.*, No. 20-cv-352, 2021 WL 3022288, *4 n.5 (W.D.N.Y. July 16, 2021); *Michael K. A. v. Comm'r of Soc. Sec.*, No. 20-cv-1302, 2022 WL 4226099, at *5–9 (N.D.N.Y. Apr. 25, 2022), *report and recommendation adopted*, 2022 WL 4225234 (N.D.N.Y. Sept. 13, 2022).

4

disability; such discounting should only take place, if necessary, as part of the assessment of the materiality of Plaintiff's DAA. *See Paulette M.*, 2025 WL 383656, at *7.

For these reasons, Plaintiff's motion for judgment on the pleadings, ECF No. 7, is granted, and Defendant's cross-motion, ECF No. 10, is denied. This case is remanded to the SSA for further proceedings consistent with this Order. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and to close this case.

SO ORDERED.

                                                         */s/ Hector Gonzalez*
                                                     HECTOR GONZALEZ
                                                     United States District Judge

Dated:    Brooklyn, New York
             February 18, 2025